IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                                                                                                        CASE NO. 25-3124-JWL

MELISSA WALDOCK, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff, Brian Michael Waterman, who is incarcerated at the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas, brings this pro se civil rights case. Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff alleges that some of the named Defendants have conspired to keep him at HCF so that other named Defendants can put him on the high-medium yard. (Doc. 1, p. 3.) As the sole count in the complaint, Plaintiff asserts an Eighth Amendment violation. *Id.* at 6. As supporting facts, Plaintiff alleges that he has been in segregation for 8 months but is being told that he "will be going to general population." *Id.* Because Plaintiff is an "Aryan Brotherhood dropout," he believes he will stabbed if this happens, as being stabbed is "the consequence to dropouts at HCF [and other Kansas correctional facilities] for years now." *Id.* at 3-4.

    Plaintiff further alleges that one of the Defendants has told him that other facilities will not accept him because he has "a history of filing grievances and lawsuits," which Plaintiff characterizes as retaliation against him. *Id.* at 4. He alleges facts related to HCF drug-trafficking, compares Kansas correctional facilities to his experiences in Missouri and Oklahoma prisons, and

explains that he is suffering "mental anguish" from wondering when he will be removed from the restricted housing unit at HCF "so [he] can be attacked." *Id.* at 4-5.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

---

[1] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See In re Brian Michael Waterman*, Case No. 21-3049, Doc. 010110507615, at 2 (10th Cir. April 14, 2021) (finding that Waterman failed to present even a colorable claim to mandamus relief and dismissal of his petition as frivolous counts as a strike for purposes of the three-strikes provision in 28 U.S.C. § 1915(g)); *Waterman v. Crawford County Jail*, Case No. 18-3035-SAC, Doc. 28 (D. Kan. June 4, 2018) (dismissing for failure to state a claim); *Waterman v. Tippie*, Case No. 18-3295-JTM-GEB, Doc. 22 (D. Kan. July 8, 2019) (dismissing for failure to state a claim).

The Court has examined the Complaint and finds no specific, credible showing that Plaintiff is in imminent danger of serious physical injury. Plaintiff's allegations of imminent danger are based on speculation that he will be placed in general population and that, if he is, he will be stabbed. This is not sufficient. *See Akers v. Flannigan*, 2020 WL 6156501, *2 (D. Kan. Oct. 21, 2020) (finding that allegations that "Defendants' 'next tactic'" would subject him to harm were "speculative and unsupported"). Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. Failure to respond within the prescribed time will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 8, 2025,** to submit the $405.00 filing fee. The failure to respond by the deadline will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated July 7, 2025, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.