## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRIAN MICHAEL WATERMAN,**

     **Plaintiff,**

     **v.**                     **CASE NO.  25-3124-JWL**

**MELISSA WALDOCK, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Brian Michael Waterman, who is currently incarcerated at Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas, brings this pro se civil rights action under 42 U.S.C. § 1983. It comes now before the Court on Plaintiff's "Motion to Object" to the memorandum and order denying him leave to proceed in forma pauperis. (Doc. 4.) The Court liberally construes this pro se motion as one for reconsideration of the Court's denial of leave to proceed in forma pauperis.

As stated in the previous memorandum and order, because Plaintiff is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g), he may proceed in forma pauperis in this action only if he establishes a threat of imminent danger of serious physical injury. (Doc. 3, p. 2.) The Court found that "Plaintiff's allegations of imminent danger are based on speculation that he will be placed in general population and that, if he is, he will be stabbed. This is not sufficient." *Id.* at 3. Thus, Plaintiff was ordered to pay the full $405.00 district court filing fee on or before August 8, 2025, or this matter will be dismissed without prejudice and without additional prior notice. *Id.*

In his current motion, Plaintiff asserts that during segregation review, Major Bell "clearly stated [Plaintiff] was going to general population in the [central unit] high medium, max yard."

(Doc. 4, p. 1.) He also contends that his complaint alleged that Major Bell "kick[ed him] out of segregation in 2022" and that this Court "has been put on notice over [W]arden Dan Schnurr sending [Plaintiff] threatening letters in other cases." *Id.* at 1-2. He argues that the alleged destruction of a motion a mental health worker gave a non-Defendant prison staff member for filing in another of Plaintiff's cases in this Court demonstrates Defendants' "need to stop aid from the federal courts [and] have [Plaintiff] placed in general population, so [he] will be attacked in retaliation." *Id.*

Plaintiff reasserts that "being told [he] was and [he is] going to general population as a gang drop out places [him] in imminent danger." *Id.* at 2. He alleges that five "entities" are investigating HCF and that large amounts of drugs are present at HCF, and he speculates about the reason for a lack of federal indictments related to the drugs. *Id.* at 3. Finally, he asserts that he has been deliberately sent to and kept at HCF so that he can be attacked. *Id.* Plaintiff asks the Court to allow him to proceed in forma pauperis or allow him to appeal to the Tenth Circuit. *Id.*

As previously explained to Plaintiff, the "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted); (Doc. 3, p. 2). The Court maintains its prior conclusion that Plaintiff's allegations of harm are based on speculation: that Plaintiff will be placed into general population, that another inmate will decide to attack Plaintiff due to his former membership in the Aryan Brotherhood, and that Plaintiff will be stabbed on the yard. (*See* Doc. 3, p. 3.) Despite Plaintiff's arguments in the motion now before the Court, his allegations in the complaint that "Major Bell has been telling [Plaintiff he] will be going to general population" and that at some point Major Bell said he saw "no reason why [Plaintiff] can't

2

go back out to general population" are not enough to show *imminent* danger of serious physical injury. (*See* Doc. 1, p. 3-4.) Plaintiff's statement in the complaint that he is experiencing mental anguish "wondering what day will I be arbitrarily kicked out of RHU so I can be attacked" reflects the hypothetical nature of the threat anticipated by Plaintiff. *See id.* at 5.

Even liberally construing the arguments in Plaintiff's pro se motion, as is appropriate because Plaintiff proceeds pro se, Plaintiff has not made specific, credible allegations that show he is in imminent danger of serious physical injury. Accordingly, the request to reconsider the prior order and allow Plaintiff to proceed in forma pauperis in this matter is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the "Motion to Object" (Doc. 4) is liberally construed as a motion for reconsideration and is **denied**. As previously ordered, Plaintiff must submit the full $405.00 filing fee on or before August 8, 2025 or this matter will be dismissed without prejudice and without additional prior notice to Plaintiff.

**IT IS SO ORDERED**.

**Dated July 15, 2025, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**